IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00266-GPG

JOHNNY RAY CHANDLER, SR.,

    Plaintiff,

v.

FED. BUREAU OF PRISONS,
MR. CHARLES SAMUELS, JR., and
MR. ANTHONY OSAGIE, Optometrist (Eye Dr.),

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Johnny Ray Chandler, Sr., is a federal Bureau of Prisons inmate incarcerated at the United States Penitentiary, Florence Administrative Maximum, in Florence, Colorado. Mr. Chandler initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1).

    On February 4, 2016, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 3) directing Mr. Chandler to cure the designated deficiency if he wished to pursue any claims. Specifically, Magistrate Judge Gallagher directed Mr. Chandler either to pay filing and administrative fees totaling $400.00 or to file on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement and a signed authorization to calculate and disburse filing fee payments. Magistrate Judge Gallagher also noted that Mr. Chandler is subject to filing restrictions pursuant to 28 U.S.C. § 1915(g). *See Chandler v. Pigos, et al.*, No. 14-cv-01723-CCC-EC (M.D. Pa. Oct. 23,

2014).  Finally, Mr. Chandler was warned that the action would be dismissed without further notice if he failed to cure the deficiency within thirty days.

On February 26, 2016, Mr. Chandler submitted a "Motion for Enlargement of Time" (ECF No. 4) and "Plaintiff's Motion to Cure Deficiency" (ECF No. 5), along with a certified copy of his inmate account statement.  Mr. Chandler, however, did not submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or a signed authorization to calculate and disburse filing fee payments.  On March 1, 2016, the Court entered a minute order (ECF No. 6) granting Mr. Chandler's request for an extension of time to comply with the Court's February 4 order to cure the designated deficiency.  Again, Mr. Chandler was warned that failure to do so within the time allowed may result in dismissal of the action without further notice.

Mr. Chandler has failed to cure the deficiency within the time allowed and he has failed to respond in any way to Magistrate Judge Gallagher's March 1 minute order. Therefore, the action will be dismissed without prejudice for failure to cure the designated deficiency.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff, Johnny Ray Chandler, Sr., failed to cure the deficiency as directed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that "Plaintiff's Motion to Cure Deficiency" (ECF No. 5) is denied as moot.

DATED at Denver, Colorado, this  6th  day of   April          , 2016.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court